UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KRISTY E. WHITE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No.: 3:12-CV-101 (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton [Doc. 19]. In the R&R, Magistrate Judge Guyton concludes that substantial evidence supports the Administrative Law Judge's ("ALJ") evaluation of the evidence of record and that the ALJ's conclusion that plaintiff does not meet the criteria for Listing 12.05C is adequately supported. Plaintiff submitted objections to the R&R [Doc. 20], but the Commissioner has not responded to plaintiff's objections, and the time for doing so has passed. *See* Fed. R. Civ. P. 72(b)(2).

**I.     Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636

(6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as

that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Analysis

Plaintiff raises two objections. First, plaintiff asserts that the R&R does not reconcile a legal contradiction in the ALJ's findings regarding plaintiff's mental limitations. Second, plaintiff asserts that the R&R improperly concludes that evidence cited by the ALJ constitutes substantial evidence.

Regarding the first objection, plaintiff states that the ALJ found that plaintiff does not qualify for Listing 12.05C because "[t]here simply is no evidence suggesting that she has deficits in adaptive functioning[,]" but also determined that plaintiff had "moderate difficulties in activities of daily living; moderate difficulties in maintaining social functioning; [and] moderate difficulties in concentration, persistence, and pace" [Doc. 20]. Plaintiff asserts these findings are contradictory given that a "loss of adaptive functioning" is "manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace" [*Id*.]. Plaintiff further

3

asserts the R&R did not address this contradiction in the ALJ's findings "except to comment parenthetically that the Court of Appeals in West v. Commissioner 'affirmed [an] ALJ finding of no deficits in adaptive functioning because the claimant did not exhibit marked limitations in daily living activities, social functioning, and ability to maintain concentration'" [*Id.* (internal quotation marks and citation omitted)].

The magistrate judge determined that substantial evidence existed in the record to support the ALJ's conclusion that plaintiff did not retain deficits in adaptive functioning. In doing so, he noted that the ALJ found "that Plaintiff had only 'moderate' restriction of her activities of daily living, 'moderate' difficulties in social functioning, and 'moderate' difficulties in maintaining concentration, persistence, and pace" and that these findings are significant because "[m]ental retardation . . . results in 'deficits or impairments in adaptive functioning,' that is to say, 'the person's effectiveness in areas such as social skills, communication, and daily living skills.'" [Doc. 19 (internal quotation marks and citation omitted)]. The magistrate judge cites *West v. Commissioner of Social Security*, 240 F. App'x 692, 698 (6th Cir. 2007), noting in a parenthetical that it affirmed an ALJ's finding of no deficits in adaptive functioning because the claimant did not exhibit "marked" limitations in daily living activities, social functioning, and the ability to maintain concentration [*Id.*].

The Court agrees with plaintiff that *West* does not hold that a claimant cannot meet Listing 12.05 without marked limitations, as the magistrate judge suggests pursuant to his parenthetical. Rather, in *West* "the court held that a claimant's diagnosis of borderline

4

intellectual functioning, combined with his activities of daily living and an ability to perform simple work tasks, was substantial evidence that he did not experience deficits in adaptive functioning." *McClellan v. Comm'r of Soc. Sec.*, 804 F. Supp. 2d 678, 694 n.12 (E.D. Tenn. 2011). *See also Pendleton v. Comm'r of Soc. Sec.*, No. 1:10-cv-650, 2011 U.S. Dist. LEXIS 151895, at *33 n.5 (S.D. Ohio Dec. 23, 2011) ("If the diagnostic description for Listing 12.05 requires more than moderate deficits of adaptive functioning as the Commissioner suggests, Listing 12.05(D) would be rendered superfluous."); *Blancas v. Astrue*, 690 F. Supp. 2d 464, 477 (W.D. Tex. 2010) ("The Court agrees with Plaintiff, however, that the deficits necessary to satisfy the diagnostic description would appear to be less than the severity criteria of Listing 12.05D, which requires 'marked' restriction of activities of daily living and social functioning.").

Plaintiff also points to various cases where district courts have remanded cases involving contradictions in the record like the present one. *See*, *e.g.*, *Nelson v. Astrue*, No. 1:09-cv-117, 2012 U.S. Dist. LEXIS 13210, at *28–29 (M.D.N.C. Feb. 3, 2012) (recommending remand in part because "the ALJ's determination that Plaintiff suffered from 'moderate' impairment of her capacity for both 'daily life' activities and 'social functioning' appears, at least facially, in tension with the ALJ's separate conclusion that Plaintiff lacks 'significant deficits in her ability to . . . maintain a household, or participate in her community'" (citation omitted)); *Anthony v. Astrue*, No. 1:10-CV-136, 2011 U.S. Dist. LEXIS 75307, at *8 (S.D. Ind. July 12, 2011) (remanding because finding that claimant had moderate mental limitations contradicts finding that claimant had "no deficits

in adaptive functioning" for Listing 12.05). Given the contradiction identified by plaintiff, the Court finds that such course is appropriate here.[1] Accordingly, for the reason explained herein, the Court will sustain plaintiff's first objection[2] and remand this case under sentence four of 42 U.S.C. § 405(g) for further proceedings regarding whether plaintiff has deficits in adaptive functioning that satisfy the disability listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

**III. Conclusion**

Plaintiff's objections [Doc. 20] will be **SUSTAINED** to the extent discussed herein and the R&R [Doc. 19] will be **REJECTED**. Accordingly, plaintiff's Motion for Judgment on the Pleadings [Doc. 15] will be **GRANTED**; defendant's Motion for Summary Judgment [Doc. 17] will be **DENIED**; and this case will be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings regarding whether plaintiff has deficits in adaptive functioning that satisfy the disability listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Indeed, the Commissioner states that remand under sentence four is the proper remedy should the Court agree with plaintiff [*See* Doc. 18].

[2] Because of this finding, the Court does not address plaintiff's second objection.